USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 2 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSEMARY NIEVES,

                Plaintiff,

      –v–

CAROLYN W. COLVIN, Commissioner of Social
Security,

                Defendant.

---

13-cv-0107 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Rosemary Nieves brought this action under the judicial review provision of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her Disability Insurance Benefits and Supplemental Security Income. The Commissioner moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on January 10, 2014, requesting that the Court affirm the Commissioner's decision and dismiss the complaint. Dkt. No. 13. Plaintiff filed a cross-motion for judgment on the pleadings on February 28, 2014, and requested that the claims be remanded to the Commissioner for a new hearing. Dkt. Nos. 23 & 24.

    On April 3, 2014, the Honorable Andrew J. Peck, United States Magistrate Judge, issued a report & recommendation ("R&R") recommending that the Court grant the Commissioner's motion and deny Plaintiff's motion. Dkt. No. 28. Plaintiff timely objected to the R & R. Dkt. No. 30.

    This Order assumes familiarity with the facts of the case, which are explained in detail in the R & R. They are incorporated by reference herein. Having reviewed *de novo* the Administrative Record, the R & R, and the briefing on Plaintiff's objections, the Court modifies the R & R to reflect an alternative basis for declining to remand in light of Plaintiff's newly

submitted documents, and adopts the R & R as modified.  Accordingly, the Court denies the Plaintiff's motion for judgment on the pleadings, and grants the Commissioner's motion for judgment on the pleadings.

## I.      Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party properly objects to the magistrate's proposed findings and recommendations, a district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations." *Id.*  The Court may adopt the portions of the R & R to which there is no objection "as long as no clear error is apparent from the face of the record." *Francis v. A & E Stores, Inc.*, No. 06-cv-1638, 2008 WL 4619858 (CS) (GAY), at *1 (S.D.N.Y. Oct. 16, 2008).

In order to merit *de novo* review, a party's objections must be specific rather than conclusory or general. *See Watson v. Geithner*, No. 11-cv-9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) ("[A] district judge may review for clear error any portions of a magistrate's recommendations to which only 'conclusory or general' objections are made.") (citing *Dixon v. McGinnis*, No. 06-cv-39 (RJS), 2012 WL 6621728, at *3 (S.D.N.Y. Dec. 19, 2012)).  The objections must, furthermore, have been raised before the magistrate judge, for "a party waives any arguments *not* presented to the magistrate judge." *Id.* (citing *Tarafa v. Artus*, No. 10-cv-3870 (AJN) (HBP), 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013)).  While courts in this district sometimes state that objections that "simply reiterate[] the original arguments" merit only clear error review, *see, e.g., Jones v. Astrue*, No. 09-cv-5577 (DAB), 2012 WL 4473258, at *1 (S.D.N.Y. Sept. 28, 2012), this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), and is, moreover, at odds with the rule regarding waiver, *see Watson*, 2013 WL 5441748, at *2.

Plaintiff timely makes three specific objections to the R & R.  Two of them were presented to the magistrate judge in his motion for judgment on the pleadings.  The Court will

review the portions of the R & R subject to these objections *de novo*. However, a third argument, that the Administrative Law Judge (ALJ) improperly considered medical record evidence from before the alleged onset of Plaintiff's disability, and failed to develop the record for time period thereafter, was not raised before Judge Peck. This argument has therefore been waived.[1]

## II.   Discussion

### A.  Legal Standard

When reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The reviewing court "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner for further development of the evidence may be appropriate. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.  Plaintiff's Submission of Clinical Progress Notes from June 29, 2010 to May 8, 2012 Did Not Require Remand

The bulk of Plaintiff's objections to the R & R involves an argument that the Appeals Council should have considered newly submitted clinical records from Beth Israel Medical Center dating from June 29, 2010 to May 8, 2012, when deciding whether Plaintiff was disabled. In particular, Plaintiff objects that one set of notes, from April 8, 2011, should have been part of the administrative record because it was submitted to the Appeals Council, and in the alternative should have formed the basis for a remand to the agency even if it was submitted for the first time before Judge Peck. *See* Dkt. No. 30 at 1-2 (Pl.'s Objections).

---

[1] The Court has reviewed the portions of the R & R to which no objections were made for clear error, and found none.

3

When a claimant submits new evidence to the Appeals Council as part of a request for review of an ALJ's decision, that evidence becomes part of the administrative record upon the Appeals Council's denial of review. *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). In that circumstance, it is the record that includes this evidence that the court reviews for substantial evidence supporting the Commissioner's decision. *Id.* at 46.

When new evidence has not been submitted during agency review, the court cannot consider it. Instead, the court can remand to the Commissioner to consider the new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ... ." 42 U.S.C. § 405(g). The Second Circuit has elaborated on what a plaintiff must show for a remand to be appropriate:

> [A]n appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier.

*Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (citations and internal quotation marks omitted) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

According to the R & R, Plaintiff's treatment notes between June 29, 2010 and December 2011—which include the April 8, 2011 document on which Plaintiff bases her objection—were not submitted to the Appeals Council and therefore the court should consider them only to decide whether to remand to the Commissioner. *See* R & R at 33-34 (Dkt. No. 28). Plaintiff claims that this is not so, and that the evidence was submitted to the Appeals Council. She speculates that it was not considered "probably because it was lost or misplaced." Dkt. No. 30 at 1 (Pl.'s Objections).

4

As the R & R indicates, the records from Beth Israel dated from January 7, 2012 to May 8, 2012 are the only newly submitted evidence before the Appeals Council reflected in the Administrative Record. *See* AR 1 (Dkt. No. 11-1); Supplemental Record (Dkt. No. 21). The Appeals Council considered but placed no weight on these documents, because they all reflect treatment provided after the alleged end date of Plaintiff's disability, July 22, 2011. *See* AR 1 (Dkt. No. 11-1). There is nothing in the record to substantiate Plaintiff's assertion that the April 8, 2011 document was included with these documents from 2012 that were submitted to the Appeals Council before it made its decision. The supplemental administrative record before the Court reflects Plaintiff's submission of the 2012 documents to the agency for the Appeals Council's consideration, but the April 2011 document is not part of this supplemental record. Furthermore, the Appeals Council's ruling refers to the 2012 documents, and contains no suggestion that other documents properly submitted were omitted from mention. The R & R therefore analyzed the April 8, 2011 document as one submitted only to the Court and not to the agency, which is in line with the Administrative Record and not contradicted by any objective evidence before the Court.

Ultimately, though, whether the April 8, 2011 medical notes were part of the record does not affect the outcome of this case. Accordingly, while the Court agrees with the R & R's reasoning and conclusion that the notes do not require remand when evaluated as newly submitted evidence, the R & R is modified to reflect that reversal or remand would be unnecessary even if the April 2011 notes had been presented to the Appeals Council. If they were, the Court would evaluate the record including these documents to see whether there was substantial evidence supporting the Commissioner's decision. *Perez*, 77 F.3d at 46. As the R & R explains, the document does not undermine the Commissioner's decision; it generally reflects

that Plaintiff's treatment on that date was successful. *See* R. Doc. 24-1 at 1-7; R & R at 35. It states that Plaintiff's medication has been effective, and while it describes Plaintiff's depression symptoms, it does not indicate that these symptoms form a new disability or have otherwise changed her capacity to work. Other documents submitted along with this report demonstrate that, in the months prior to April 2011, Plaintiff's mental condition did not prevent her from working. *See* R & R 35; R. Doc. 24-1 at 25. The April 8, 2011 notes do not contradict this conclusion, and after taking them into account along with the portions of the administrative record to which Plaintiff has no objection, there was substantial evidence to support the Commissioner's decision.[2]

Plaintiff argues that the note refers to her as a "disabled woman," and thus should be binding to demonstrate the same. However, all of the notes for treatment between July 27, 2010 and April 11, 2011 contain identical language identifying Plaintiff as a "disabled woman," even though the most recent report before the April 11 report expressly disclaims that Plaintiff meets the criteria for a disability. *See* R. Doc. 24-1 at 8-13 (July 27, 2010 Report), 14-19 (Oct. 14, 2010 Report), 20-25 (Nov. 12, 2010 Report). References to Plaintiff as a "disabled woman" were not made as part of a medical conclusion upon analysis of Plaintiff's symptoms, but instead were used only as a stock phrase of identification. They merit no weight in the Court's consideration.

Alternatively, if the April 8, 2011 notes were not part of the record, the court would determine whether they were material and if there was good cause for a failure to present them earlier. *Jones*, 949 F.2d at 60. For the evidence to be material, it must be relevant and probative, and there must be "a reasonable possibility that the new evidence would have influenced the

---

[2] To the extent Plaintiff accuses Judge Peck of "bias" in his evaluation of the treatment note, that accusation is frivolous. *See* Dkt. No. 30 (Pl.'s Objections) at 2.

[agency] to decide claimant's application differently." *Tirado*, 842 F.2d at 597 (citing *Szubak v Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). As the R & R concludes, the newly offered April 8, 2011 document is entirely consistent with the Commissioner's decision, and there is no reasonable chance that the evidence would cause the Commissioner to alter her conclusion. R & R at 35-36. The document is thus immaterial, and no remand is required.

## C. Credibility Determination

Plaintiff also objects that the ALJ did not make an appropriate adverse credibility finding about Plaintiff's testimony. The nature of this objection changed between Plaintiff's initial arguments to Judge Peck and her objections to the R & R: at first, she argued that if the ALJ had analyzed her credibility under the correct standard, she would have found Plaintiff credible. Dkt. No. 24 at 14. She now argues that the credibility determination was based on evidence from before the amended onset date of Plaintiff's alleged disability, and thus the credibility assessment was "based on incomplete evidence"—that is, the same evidence that Plaintiff pointed to in her previous argument to demonstrate her credibility. Dkt. No. 30 at 6. Though the objection to the R & R purports to be the same as Plaintiff's earlier argument, this shift in argument means it was likely waived. Even so, the Court need not rely on waiver to decide this issue; there was substantial evidence in the record to support the ALJ's credibility determination.

While the ALJ is required to take into account a claimant's reports of pain, symptoms, and other indicia of impairment, she is not required to accept those reports "without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); *see* 20 C.F.R. § 416.929(a). Instead, she "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier*, 606 F.3d at 49 (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d

Cir. 1979)).  The ALJ's credibility findings receive "special deference" because of her ability to observe the claimant's testimony. *Yellow Freight Sys., Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).  Like other findings of the ALJ, the credibility finding is reviewed for whether it is supported by substantial evidence. *See Hopkins v. Colvin*, No. 13-cv-4803 (AT) (AJP), 2014 WL 4392209, at *5 (S.D.N.Y. Sept. 5, 2014); *Torres v. Colvin*, No. 12-cv-6527 (LTS) (SN), 2014 WL 241061, at *12 (S.D.N.Y. Jan. 22, 2014).

As the R & R demonstrates, the ALJ's adverse credibility findings were supported by substantial evidence.  Plaintiff gave inconsistent testimony about her employment and earnings, including denying that she had worked from 2009 to 2010 until the ALJ showed her Social Security records documenting income from those years.  R & R at 27.  Moreover, the ALJ explained that she was discounting the medical opinion evidence derived from Plaintiff's descriptions of her symptoms, because Plaintiff had failed to disclose that she was employed at the time, which was inconsistent with the existence of significant limitations.  R & R at 29.  This evidence supported the ALJ's determination that Plaintiff was not credible, and thus that her testimony and records did not establish a significant limitation to her ability to perform work activities.  R & R at 32.  There is no basis to disturb the ALJ's credibility finding.

## III.    Conclusion

After a *de novo* review of the portions of the R & R to which Plaintiff has preserved objections, the Court adopts the modified R & R as set forth herein.  Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's motion for judgment on the pleadings is GRANTED.

This resolved Docket Nos. 13 & 23.  The Clerk is requested to terminate the case.

SO ORDERED.

Dated: Sept. _____, 2014
       New York, New York

_____
ALISON J. NATHAN
United States District Judge